UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Guy I. Greene, | Case No. 19-cv-533 (ECT/TNL) |
| Plaintiff, | |
| v. | |
| Tara Osborne-Leivian, Kevin Moser, Katherine Lockie, Nicole Vaineo, Mary Ward, Margaret Macaulay, Peter Puffer, Paul Mayfield, Courtney Menten, Brian Ninneman, Laurie Severson, Staci Bovin, Scott Benoit, Steve Sajdak, Jessica Geil, Randy Gordon, Crystal Leal, Katherine McDowell, Jana Brister-Korby, Tony Lourey,[1] Brandon Carlson, Paul Schnell, Nancy Johnston, Andrea Long, Dr. Sheer, Jenna Younker, Sarah Barwin, and Unknown Number of John Does and Jane Does, *sued in their individual and official capacities*, | **ORDER** |
| Defendants. | |

**IT IS HEREBY ORDERED THAT**:

1. The Motion for Leave to Proceed In Forma Pauperis (ECF No. 2) of Plaintiff Guy I. Greene is **GRANTED** as to Greene's retaliation, due-process, deliberate-indifference, and failure-to-protect claims. (*See generally* Report & Recommend., ECF No. 14.)

---

[1] As stated by the district court, "Commissioner of the Minnesota Department of Human Services Jodi Harpstead should be substituted for former Commissioner Tony Lourey to the extent he is being sued in his official capacity because a '[public] officer's successor is automatically substituted as a party' and '[l]ater proceedings should be in the substituted party's name.'" (ECF No. 12 at 1 n.1 (alteration in original) (quoting Fed. R. Civ. P. 25(d).)

1

2. Greene must submit a properly completed Marshal Service Form (Form USM-285) for Defendants Tara Osborne-Leivian, Kevin Moser, Katherine Lockie, Nicole Vaineo, Mary Ward, Margaret Macaulay, Peter Puffer, Paul Mayfield, Courtney Menten, Laurie Severson, Staci Bovin, Crystal Leal, Katherine McDowell, Jana Brister-Korby, Tony Lourey, Brandon Carlson, Paul Schnell, Nancy Johnston, Andrea Long, Dr. Sheer, Jenna Younker, and Sarah Barwin (collectively, "Service Defendants"). If Greene does not complete and return the Marshal Service Forms within 30 days of this order, it will be recommended that this matter be dismissed without prejudice for failure to prosecute. Marshal Service Forms will be provided to Greene by the Court.

3. After the return of the completed Marshal Service Forms, the Clerk of Court is directed to seek waiver of service from the Service Defendants in their individual capacities consistent with Rule 4(d) of the Federal Rules of Civil Procedure. **The Clerk of Court shall also include a copy of the Court's Report & Recommendation (ECF No. 14), and any subsequent ruling thereon.**

4. If a defendant sued in his or her individual capacity fails without good cause to sign and return a waiver within 30 days of the date that the waiver is mailed, the Court will impose upon that defendant the expenses later incurred in effecting service of process. Absent a showing of good cause, reimbursement of the costs of service is mandatory and will be imposed in

all cases in which a defendant does not sign and return a waiver of service form. *See* Fed. R. Civ. P. 4(d)(2).

5. The U.S. Marshals Service is directed to effect service of process on the Service Defendants[2] in their official capacities consistent with Rule 4(j) of the Federal Rules of Civil Procedure. **The Clerk of Court shall also include a copy of the Court's Report & Recommendation (ECF No. 14), and any subsequent ruling thereon.**

6. To the extent Greene's December 10, 2019 (ECF No. 10 at 2) and January 3, 2020 (ECF No. 13 at 3) letters can be construed as requests for the appointment of counsel, such requests are denied. Greene states that he seeks appointment of counsel because he is suffering from mental illness and has "been locked-up in segregation." (ECF No. 10 at 2.) Greene is a frequent litigant in this Court. (ECF No. 5 at 4 n.2 (listing cases).) Greene's pattern of litigation and the absence of specific examples demonstrating how his mental illness impairs his ability to represent himself suggest that he is capable of representing himself. Moreover, Greene's filings to date demonstrate his ability to articulate his position to the Court and a basic understanding of legal procedure. *See Ward v. Smith*, 721 F.3d 940, 943 (8th Cir. 2013). Greene also states that he did not receive a copy of the Court's May 20, 2019 Order (ECF No. 5) because he

---

[2] *See supra* n.1.

was transferred to another facility. (ECF Nos. 8 at 2, 13 at 1.) It is Greene's responsibility to keep his address on file with the Court up to date.

Date: January  31 , 2020            *s/ Tony N. Leung*
                                     Tony N. Leung
                                     United States Magistrate Judge
                                     District of Minnesota

                                     *Greene v. Osborne-Leivian et al.*
                                     Case No. 19-cv-533 (ECT/TNL)