UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Guy I. Greene, | Case No. 19-cv-533 (ECT/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Tara Osborne-Leivian; Jodi Harpstead; Courtney Menten; Jana Brister-Korby; Ann Linkert; Brian Ninneman; Nancy Johnston; Nicole Vaneo; Staci Bovin; Paul Mayfield; Traci Zuk; MSOP Jane Doe Nurse Practitioner; Paul Schnell, *Commissioner, Minnesota Department of Corrections*; John Doe, *Minnesota Department of Corrections-OSI*; Brent Schmidt, *Parole Agent, Minnesota Department of Corrections*; Zach Gahm, Hearings and Release Officer, *Minnesota Department of Corrections*; Rebecca Holmes-Larson, *Executive, Minnesota Department of Corrections*; Vicki Janssen, *Warden, MCF-Rush City*; Jessica Olson, *Health Services Administrator, MCF-Rush City*; M. Saari, *Behavioral Health Supervisor, MCF-Rush City*; Andrea Long, *Behavioral Health Director, MCF-Rush City*; Dr. Scherer, *Clinical Staff, MCF-Rush City*; Jenna Younkers, *Clinical Staff, MCF-Rush City*; Tom Soles, *Clinical Staff, MCF-Rush City*; Joshua Kendall, *Case Manager, MCF-Rush City*; John Doe, *Case Manager, MCF-Rush City*; John Doe, *Parole Agent, Carlton County*;[1] and John Doe, HRU Officer,[2] *sued in their individual and official capacities*, | |
| Defendants. | |

This matter comes before the Court on pro se Plaintiff Guy I. Greene's "Motion Pursuant to Rule 15 Permission to Amend the Complaint" (ECF No. 16) and Motion for the Appointment

---

[1] (*See* Sec. Am. Compl. ¶ 28, ECF No. 16-1.)
[2] (*See* Sec. Am. Compl. ¶¶ 25, 53.)

1

of Counsel" (ECF No. 18). The Court will also order service of process of the Second Amended Complaint as outlined below.

## I. MOTION TO AMEND

The Court will accept Greene's Second Amended Complaint (ECF No. 16-1) as an amendment as a matter of course under Fed. R. Civ. P. 15(a)(1). Accordingly, the Court finds that Greene's "Motion Pursuant to Rule 15 Permission to Amend the Complaint" (ECF No. 16) is **MOOT** under the circumstances.

## II. SERVICE OF PROCESS

This case will proceed on Greene's retaliation, deprivation-of-liberty, due-process, failure-to-protect, and deliberate-indifference claims to the extent set forth in Section IV.A.6 of the Court's Report & Recommendation issued today. The following defendants remain in this litigation:

> Tara Osborne-Leivian
> Courtney Menten
> Jana Brister-Korby
> Nicole Vaneo
> Staci Bovin
> Paul Mayfield
> John Doe, Minnesota Department of Corrections-OSI ("OSI Doe")
> Brent Schmidt
> Zach Gahm
> Rebecca Holmes-Larson
> John Doe, Parole Agent, Carlton County ("Carlton County Doe")
> John Doe, HRU Officer ("HRU Doe")
> Andrea Long
> Dr. Scherer
> M. Saari
> Jenna Younkers

Because Greene has been granted leave to proceed *in forma pauperis*, he is entitled to have the defendants served by the United States Marshal. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

Marshal service cannot be accomplished, however, until Greene has submitted the documentation necessary for service of process.

On February 20, 2020, the Court received Marshal Service Forms (Form USM-285) for Osborne-Leivian, Menten, Brister-Korby, Bovin, Mayfield, and Long.[3] Greene must, therefore, timely submit a properly completed Marshal Service Form (Form USM-285) for OSI Doe, Schmidt, Gahm, Holmes-Larson, Carlton County Doe, HRU Doe, and Saari. Due to Greene's inconsistent spelling of the names of Vaneo, Dr. Scherer, and Younkers, the Court will also order Greene to re-submit Marshal Service Forms for these three defendants as well.[4]

**Accordingly, within 30 days from the date of this Order, Greene must timely submit a properly completed Marshal Service Form (Form USM-285) for OSI Doe, Schmidt, Gahm, Holmes-Larson, Carlton County Doe, HRU Doe, Saari, Vaneo, Dr. Scherer, and Younkers.** *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (per curiam) (noting that it is the pro se plaintiff's responsibility to provide proper addresses for service on [the defendants]"). **If Greene fails to comply with this deadline, it will be recommended that these defendants be dismissed for lack of prosecution.** *See* Fed. R. Civ. P. 41(b). Marshal Service Forms will be provided to Greene by the Court.

After the return of the completed Marshal Service Forms, the Clerk of Court is directed to seek waiver of service from Osborne-Leivian, Menten, Brister-Korby, Vaneo, Bovin, Mayfield, OSI Doe, Schmidt, Gahm, Holmes-Larson, Carlton County Doe, HRU Doe, Long, Dr. Scherer, Saari, and Younkers (collectively, "Second Amended Complaint Defendants") in their individual

---

[3] The Court also received Marshal Service Forms for individuals who are no longer part of this litigation by virtue of their absence from the Second Amended Complaint (Sara Barwin, Katherine McDowell, Crystal Leal, Laurie Severson, Peter Puffer, Margaret Macaulay, Mary Ward, and Katherine Lockie) and individuals the Court has recommended be dismissed from this litigation (Nancy Johnston, Paul Schnell, Jodi Harpstead, and Kevin Moser).
[4] Marshal Service Forms for each of these defendants were also received from Greene, but the defendants' names were spelled differently.

3

capacities consistent with Rule 4(d) of the Federal Rules of Civil Procedure.  **The Clerk of Court shall also include a copy of the Court's Report & Recommendation of today's date, and any subsequent ruling thereon.**

If a defendant sued in his or her individual capacity fails without good cause to sign and return a waiver within 30 days of the date that the waiver is mailed, the Court will impose upon that defendant the expenses later incurred in effecting service of process.  Absent a showing of good cause, reimbursement of the costs of service is mandatory and will be imposed in all cases in which a defendant does not sign and return a waiver of service form.  *See* Fed. R. Civ. P. 4(d)(2).

The U.S. Marshals Service is directed to effect service of process on the Second Amended Complaint Defendants in their official capacities consistent with Rule 4(j) of the Federal Rules of Civil Procedure.  **The Clerk of Court shall also include a copy of the Court's Report & Recommendation of today's date, and any subsequent ruling thereon.**

### III. MOTION FOR THE APPOINTMENT OF COUNSEL

Greene has again moved for the appointment of counsel.  For the reasons stated in the Court's January 31, 2020 Order (ECF No. 15), Greene's latest "Motion for the Appointment of Counsel" (ECF No. 18) is **DENIED**.  Further, while Greene states he has limited knowledge of the law and access to a law library, Greene's pattern of litigation and memorandum in support of his motion, which contains citations to and a discussion of numerous legal authorities, strongly suggest otherwise.

The Court recognizes that Greene's current incarceration, civil commitment, and lack of a formal legal education present certain challenges to self-representation.  In *Patterson v. Kelley*, 902 F.3d 845 (8th Cir. 2018), the Eighth Circuit Court of Appeals considered whether the district court abused its discretion in denying a prisoner's request for appointment of counsel in a § 1983

action against state prison officials. On appeal, the prisoner argued that counsel should have been appointed because: (1) "as an inmate, he was unable to interview witnesses and secure relevant information"; (2) "his inartfully worded interrogatories allowed defendants to give evasive answers"; and (3) "'this [wa]s complex litigation' requiring the assistance of counsel because the case involve[d] administrative regulations and government funding issues." *Patterson*, 902 F.3d at 850.

The Eighth Circuit held that "[n]one of these grounds are sufficient to show an abuse of discretion" by the district court. *Id.* The Eighth Circuit also observed that, "given that most indigent prisoners will face similar challenges in bringing § 1983 claims, a finding that the district court abused its discretion on these bases would be tantamount to recognizing a right to appointed counsel for indigent prisoners in such cases. This we refuse to do." *Id.* The Eighth Circuit's reasoning applies with equal force to Greene.

**IT IS SO ORDERED.**


Date: March____5____, 2020                     _____*s/ Tony N. Leung*_____
                                                Tony N. Leung
                                                United States Magistrate Judge
                                                District of Minnesota


                                                *Greene v. Osborne-Leivian et al.*
                                                Case No. 19-cv-533 (ECT/TNL)

5